## CIRCUIT COURT OF LOUDOUN COUNTY

Dubin et al.

v.

Saudi Arabian Airlines et al.

December 31, 1993

Case No. (Law) 13732

BY JUDGE THOMAS D. HORNE

Defendant, Saudi Arabian Airlines, challenges, by way of a motion to quash, service of process of the instant Motion for Judgment and Third Party Motion for Judgment (designated a cross-claim). The airline contends that service upon the Secretary of the Commonwealth pursuant to Virginia's Long Arm Statute does not constitute service on an "agent authorized . . . by law to receive service of process in the United States" under the Foreign Service Immunities Act, 28 U.S.C. § 1608(b).

The Court disagrees with the position taken by the Defendant and will deny the Motions to Quash.

Plaintiff alleges that the injuries for which damages are sought arose out of the negligent conduct of the airline and of the Metropolitan Washington Airport Authority in the maintenance of an airport baggage handling device. At the time of the injuries, the airline was alleged to be engaged in the business of international air travel at the airport, Dulles International Airport, which is located in Virginia.

Pursuant to § 8.01–329, service was made upon the non-resident airline. Accordingly, this Court may exercise personal jurisdiction over the airline, provided grounds for such service exist under the Virginia Long Arm Statute. Plaintiff and Third Party Plaintiff assert two grounds for the exercise of such jurisdiction. § 8.01–328.1(A)(1), (3), Code of Virginia, as amended. The Defendant airline's construction, which would invalidate any service through the Secretary of the Commonwealth, is inconsistent with a proper construction of the statute.

*See, Unidyne Corp. v. Aerolineas Argentinas*, 590 F. Supp. 391 (E.D. Va. 1984). The Court finds that the Secretary of the Commonwealth is an agent "authorized by law" under the Foreign Services Immunities Act in this case.

The Court notes that while the Certificate of Compliance relative to the Third Party Motion for Judgment ("Cross-claim") is in the file, the Affidavit in support of service is not. The Affidavit and Certificate of Service for the Motion for Judgment are in the file.

Accordingly, the Court will deny the motions to quash by the airline and will grant them twenty-one days within which to answer the Motion for Judgment and Third Party Motion for Judgment, as well as any outstanding discovery requests. Said time period shall begin to run as to the third party claim upon the filing of the affidavit.